**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| HRE-DN, L.P. | |
| *Plaintiff*, | Case No. 4:19-cv-1893 |
| v. | |
| Kevin McAleenan, Acting Secretary of the U.S. Department of Homeland Security; Lee F. Cissna, Director of U.S. Citizenship and Immigration Services; Kathy A. Baran, Director of USCIS California Service Center | Date: May 24, 2019 |
| *Defendants*. | |

---

## COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The Plaintiff, HRE-DN, L.P. files the instant complaint against Defendants because the U.S. Citizenship and Immigration Services ("USCIS"), a federal agency within the Department of Homeland Security ("USDHS"), acted arbitrarily, capriciously, and not in accordance with the law when it denied Form I-129, Petition for a Nonimmigrant Worker, seeking an extension of the petition for the new office and continuing classification of its President and CEO, Dung Van Phi, as an Intracompany Transferee.

Plaintiff files the instant action against the following Defendants: Kevin McAleenan, in his official capacity as Acting Secretary of the U.S. Department of Homeland Security; Lee F. Cissna,

in his official capacity as Director of U.S. Citizenship and Immigration Services; and Kathy A. Baran, in her official capacity as Director of USCIS California Service Center.

## I.      INTRODUCTION

1.   Plaintiff, HRE-DN, L.P., a Texas limited partnership affiliated by ownership with a foreign entity, challenges the unlawful denial of an employment-based nonimmigrant visa petition seeking a new office extension and continuing classification of one of its employees, Dung Van Phi, as an intracompany transferee under 8 U.S.C. § 1101 (a)(15)(L).

2.   Despite record evidence demonstrating by a preponderance of the evidence standard that Dung Van Phi was employed for both the foreign affiliate and the US Company in an executive and managerial capacity, Defendant U.S. Citizenship and Immigration Services erroneously denied the Plaintiff's visa petition extension concluding that Dung Van Phi's duties for both companies were not executive or managerial in nature, despite a prior determination of eligibility and the stage of development of the new office.

3.   Defendants' contrary interpretation of the statute and regulations, application of a higher standard of proof, and corresponding denial of Plaintiff's nonimmigrant visa petition conflicts with the plain language of the statute and regulations and violates the prohibition against agency actions that are arbitrary and capricious and contrary to law under the Administrative Procedure Act.  As such, the Court should vacate the denial and order Defendants to approve Plaintiff's nonimmigrant visa petition.

## II.   JURISDICTION AND VENUE

4.   This case arises under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.* and the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as a civil action arising under the laws of the

United States, and 28 U.S.C. § 1361. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702, and 28 U.S.C. § 1361. The United States has waived sovereign immunity under 5 U.S.C. § 702.*seq*.

5.  Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(1)(A) because this is a civil action in which the Defendants are an agency of the United States and officers of the United States, acting in their official capacities, and the Plaintiff has its principal place of business in Houston, Texas.

### III.  PARTIES

6.  Plaintiff, HRE-DN, L.P. is a Texas limited partnership with its principal place of business in Houston, Texas. The Plaintiff is affiliated with a Vietnamese company, Nghi Son Environmental Joint Stock Company. As a group of companies, Plaintiff is engaged in business in the United States in real estate development for commercial and residential properties and, through its foreign affiliate, is engaged in business in the waste management industry. Plaintiff and its foreign affiliate have employed Dung Van Phi directly in executive and managerial positions since the year 2014 for the foreign affiliate and since 2017 for the U.S. Company.

7.  Defendant, Kevin McAleenan, is the Acting Secretary of the USDHS, an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). He is sued in his official capacity. He may be served at 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20528.

8.  Defendant, Lee F. Cissna, is the Director of the USCIS, a component of the U.S. Department of Homeland Security (DHS), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). In this role, he oversees the adjudication of

immigration benefits and establishes and implements governing policies. He has ultimate responsibility for the adjudication of Plaintiff's petition. He is sued in his official capacity. He may be served at 245 Murray Lane, SW, Mail Stop 0485, Washington, DC 20528.

9.  Defendant, Kathy A. Baran, is the Director of USCIS California Service Center. The California Service Center is a USCIS office that adjudicates nonimmigrant petition under the L classification for intracompany transferees and made the erroneous decision in Plaintiff's petition. She is sued in her official capacity. She may be served at 24000 Avila Rd, Laguna Niguel, CA 92677.

## IV.   STATUTORY AND REGULATORY AUTHORITIES

10. Pursuant to 8 U.S.C. § 1184(a)(1), "the admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe."

11. Under 8 U.S.C. § 1184(c)(1), "the question of importing any alien as a nonimmigrant under subparagraph … (L)… of section 1101(a)(15) of this title … in any specific case … shall be determined by the Attorney General, after consultation with appropriate agencies of the Government, upon petition of the importing employer.

12. Under 8 U.S.C. § 1101(a)(15), an Intracompany Transferee is defined as "an alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge."

13. Under the regulations, the USCIS has the responsibility for determining whether the alien

4

is eligible for admission and whether the petitioner is a qualifying organization under the standards applicable to these classifications as provided in the regulations. 8 C.F.R. § 214.2(l)(1)(i).

14. Under the applicable regulations, a Petitioner must submit evidence that the companies are qualifying organizations, the US organization will employ the foreigner in an executive or managerial capacity, the foreigner has been employed in such capacity for at least one year for the foreign qualifying organization, and that foreigner is qualified to perform such duties based on prior education, training, and employment. 8 C.F.R. § 214.2(l)(3)(i)-(iv).

15. Additionally, when a petition indicates that a foreigner is coming to open a new office, a Petitioner must submit evidence that it has obtained sufficient physical premises for the new office, that the beneficiary has been employed for one continuous year in the three year period preceding the filing of the petition in an executive or managerial capacity and that the proposed employment involves executive or managerial authority over the new operation; that the intended United States operation, within one year of the approval of the petition, will support an executive or managerial position supported by information regarding the proposed nature of the office describing the scope of the entity, its organizational structure, and its financial goals; and evidence of the size of the United States investment, the financial ability of the foreign entity to remunerate the beneficiary and to commence doing business in the United States, and the organizational structure of the foreign entity. 8 C.F.R. § 214.2 (l)(3)(iv).

16. Upon demonstrating the above, a new office petition is approved "for a period not to exceed one year, after which the petitioner shall demonstrate as required by paragraph (l)(14)(ii) of this section that it is doing business as defined in paragraph (l)(1)(ii)(H) of this section

to extend the validity of the petition." 8 C.F.R.§ 214.2(l)(7)(A)(3).

17. Although generally, under 8 C.F.R. § 214.2(l)(14)(i), supporting documentation is not required for an extension, a petition for a new office extension, however, requires the submission of evidence that the US and foreign companies are still qualifying organizations, that the US company has been doing business, a statement of the duties performed by the foreigner for the previous year and duties to be performed under the extended petition, a statement describing the staffing of the new office including number of employees and types of positions and wage documentation when the foreigner will be employed in an executive or managerial capacity, and evidence of the financial status of the foreign company. 8 C.F.R.§ 214.2(l)(14)(ii). However, the submission of the above documentation is solely to demonstrate that the company is doing business to extend the new office petition. 8 C.F.R. § 214.2(l)(7)(i)(A)(3).

18. The term "executive capacity" is defined under the statute and the regulations "as an assignment within an organization in which the employee primarily directs the management of the organization, component, or function, establishes the goals and policies of the organization, component, or function; has broad discretionary decision-making authority; and receives only general supervision or direction from higher executives, the board of directors, or stockholders. 8 U.S.C. § 1101(a)(44)(B) and 8 C.F.R.§ 214.2(l)(1)(ii)(C).

19. The term "managerial capacity" is defined under the statute and the regulations as "an assignment within an organization in which the employee primarily (i) manages the organization, or a department, subdivision, function, or component of the organization; (ii) supervises and controls the work of other supervisory, professional, or managerial

employees, or manages an essential function within the organization, or a department or subdivision of the organization; (iii) if another employee or other employees are directly supervised, has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization) or, if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and (iv) exercises discretion over the day-to-day operations of the activity or function for which the employee has authority." 8 U.S.C. § 1101(a)(44)(A) and 8 C.F.R.§ 214.2(l)(1)(ii)(B).

20. However, absent from the regulations, is a requirement in the adjudication of all petitions for intracompany transferees that "if staffing levels are used as a factor in determining whether an individual is acting in a managerial or executive capacity, the Attorney General shall take into account the reasonable needs of the organization, component, or function in light of the overall purpose and stage of development of the organization, component, or function." 8 U.S.C. § 1101(a)(44)(C).

21. In all cases, a petitioner is required to advise USCIS whether a previous petition for the same foreigner has been filed. 8 C.F.R.§ 214.2(l)(1).

22. Additionally, in an internal guidance memo, the USCIS instructed adjudicators to give deference to a prior determination of eligibility involving the same parties and the same underlying facts except "where (1) it is determined that there was a material error with regard to the previous petition approval; (2) a substantial change in circumstances has taken place; or (3) there is a new material information that adversely impacts the petitioner's or beneficiary's eligibility." However, an adjudicator "must clearly articulate the material error, changed circumstances, or new material information in the resulting request for

evidence or decision denying the benefit sought." See *Interoffice Memorandum: The Significance of a Prior CIS approval of a Nonimmigrant Petition in the Context of a Subsequent Determination Regarding Eligibility for Extension of Petition Validity,* William R. Yates, Associate Director for Operations, U.S. Citizenship and Immigration Services, HQOPRD 72/11.3 (April 23, 2004).

23. The burden of proof for nonimmigrant petitions is on the Petitioner. 8 U.S.C. § 1361.

24. However, under *Matter of Chawathe*, 25 I&N Dec. 369, 376 (AAO 2010), the standard of proof for nonimmigrant petitions is only by a preponderance of the evidence, which explains that "even if the director has some doubt as to the truth, if the petitioner submits relevant, probative, and credible evidence that leads the director to believe that the claim is "more likely than not" or "probably" true, the applicant has satisfied the standard of proof."

25. The APA provides that a person who suffers a legal wrong due to an agency actions or is "adversely affected or aggrieved by an agency action," made reviewable by statute and for which there is no other adequate remedy, is entitled to judicial review. *See* 5 U.S.C. §§ 702, 704.

26. "Agency action" is defined to include the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act. *See* 5 U.S.C. § 551(13).

27. The reviewing court is authorized to hold unlawful and set aside agency action, findings, and conclusions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

## V.   FACTUAL BACKGROUND

28. The evidence reflects that, on or about October 20, 2017, the Plaintiff obtained approval of

an initial petition seeking to classify Dung Van Phi as an Intracompany Transferee to open a new office in Houston, Texas and assume the position of President and CEO. The petition was valid from October 20, 2017 through October 19, 2018.

29. The evidence also reflects that, following the approval of the petition, Mr. Dung Van Phi applied for a visa at the U.S. Consulate in Ho Chi Minh City, Vietnam. However, the U.S. Consulate delayed the issuance of his visa until May 25, 2018. The US Consulate did not indicate the reason for the delay and simply indicated the case was under administrative processing. As a result, Mr. Dung Van Phi was not able to enter the United States to open the new office until June 28, 2018.

30. However, despite the delay in visa issuance, the record reflects that in December 2017, HRE-DN, LP, through its President and CEO, Dung Van Phi, began negotiations with Cypresswood Capital, Ltd., a local company actively engaged in the acquisition, development, and sale or lease of commercial properties in the Greater Houston Metropolitan Area.

31. On January 1, 2018, HRE-DN, LP acquired a 20% controlling ownership interest in Cypresswood Capital, Ltd. and began its real estate development operations through Cypresswood Capital, Ltd. in earnest. Specifically, the President and CEO, Dung Van Phi, on January 18, 2018, authorized the purchase of a 1.32 acre track of commercial land for $1,222,361.50 for immediate commercial retail development. A total of $500,000.00 was subsequently authorized by the President and CEO for acquisition and development of this commercial property and the plans and specifications for the retail center was provided with the petition. The remaining amount was financed through a purchase money loan.

32. Thereafter, on July 16, 2018, the President and CEO negotiated and executed a retainer agreement for the services of an accountant, Raj Rangwani, CPA, to manage the company finances and investments.

33. Additionally, on July 23, 2018, the President and CEO also negotiated and executed two employment agreements for acquisition of a Real Estate Development Manager and a Real Estate Develop Assistant to "manage the day to day operations of the company."

34. Subsequently, on August 24, 2018, the company, through President and CEO, Dung Van Phi, negotiated a construction contract for Cypresswood Capital, Ltd. with a commercial construction firm for construction of the retail center.

35. On October 19, 2018, the Plaintiff filed a petition seeking an extension of the new office and continuing classification of the foreigner as an intracompany transferee in a managerial or executive capacity. The petition included a copy of the approval notice for the prior petition, current visa in the classification, and the evidence required under 8 C.F.R.§ 214.2(l)(14)(ii) evidencing that the company was doing business.

36. However, much to the Plaintiff's surprise, on October 24, 2018, the USCIS issued a boilerplate request for additional evidence.

37. Specifically, the USCIS requested evidence from Plaintiff that the foreigner was employed abroad for one continuous year in a managerial or executive capacity, claiming no evidence was submitted by Plaintiff for this requirement, despite the regulations not requiring such evidence for a new office extension due to the prior favorable adjudication of the foreigner's employment abroad in such capacity for the required period as required for initial new office petitions.

38. Additionally, the USCIS also requested evidence that the foreigner's position in the United

States was primarily managerial or executive claiming that the description "appears to illustrate that the foreigner would primarily service in an operational capacity," despite the description of the duties of the foreigner for the prior year and under the extended petition reflecting only leadership, executive, and upper managerial duties and functions and no direct involvement in the day to day operations of the company, and notwithstanding the regulations for new offices not requiring such evidence to extend a new office petition due to a prior favorable adjudication that the US company would support an executive or managerial position within one year of the approval of the petition as required for initial new office petitions.

39. Additionally, the USCIS also requested evidence to establish that the foreigner's prior education, training, and employment qualified him to perform the intended services, claiming no evidence for this requirement was submitted, despite the regulations for new offices not requiring such evidence to extend a new office petition due to a prior favorable adjudication that the foreigner was qualified to perform in an executive or managerial capacity as required for initial new office petitions.

40. The request for evidence did not indicate any material error, changed circumstances, or new material information regarding the Plaintiff's prior approved petition.

41. On or about December 5, 2018, Plaintiff responded to the request for evidence. The USCIS was first notified, through Plaintiff's counsel, that the requests did not appear applicable to a new office extension petition, that all requested evidence had been previously provided and favorably adjudicated in the prior approved petition, and that the Plaintiff had specifically complied with the requirements for an extension of the new office. However, despite strict regulatory compliance in its filing of the petition, Plaintiff responded with the

11

additional evidence requested including an expansion of the major duties into sub-duties for both the foreigner's employment abroad and in the United States, including the amount of time devoted to each major duty.

42. However, on or about December 19, 2018, the USCIS denied the petition claiming that the Plaintiff did not establish that the foreigner was both employed abroad or employed in the United States in a managerial or executive capacity, each as an independent and alternative basis for denial.

43. The notice of denial did not indicate any material error, changed circumstances, or new material information regarding the Plaintiff's prior approved petition.

44. The arbitrary and capricious nature of Defendants' denial of the Plaintiff's nonimmigrant visa petition is underscored by the agency's approval of Plaintiff's prior petition for the new office and the relaxed regulatory requirements for extensions of new office petitions due to such previous favorable adjudications.

45. As a result of Defendant's unlawful decision, Plaintiff has suffered, and will continue to suffer, injury from the denial of its nonimmigrant visa petition, by depriving Plaintiff of the foreigner's services for direction and start-up development of the new enterprise.

## VI. EXHAUSTION

46. USCIS' December 19, 2018, denial of Plaintiff's nonimmigrant visa petition constitutes a final agency action under the APA, 5 U.S.C. § 701, et seq. Neither the INA nor DHS regulations at 8 C.F.R. § 214, require an administrative appeal of the denial. Accordingly, Plaintiff has no administrative remedies to exhaust.

47. Under 5 U.S.C. §§ 702 and 704, Plaintiff has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

### VII. CLAIMS FOR RELIEF

48. Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

49. Defendants' denial of Plaintiff's nonimmigrant visa petition constitutes a final agency action.

50. The USCIS's denial of the Plaintiff's nonimmigrant visa petition was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under 5 U.S.C. § 706(2)(A).

51. First, the USCIS failed to give deference to the prior petition approval in which the executive or managerial capacity of the foreigner for both the foreign company and US company was favorably adjudicated contrary to 8 C.F.R. § 214.2(l)(7)(i)(A)(3), 8 C.F.R.§ 214.2(l)(14)(ii), and USCIS internal adjudication mandates.

52. Second, the USCIS did not clearly articulate any material error, changed circumstances, or new material information in the resulting request for evidence or the denial decision regarding the foreigner's employment for both companies in an executive and/or managerial capacity contrary to 8 C.F.R. § 214.2(l)(7)(i)(A)(3), 8 C.F.R.§ 214.2(l)(14)(ii), and USCIS internal adjudication mandates.

53. Third, the USCIS, in violation of 8 C.F.R. § 214.2(l)(7)(i)(A)(3), ignored the evidence submitted with the petition submitted by Plaintiff in strict compliance with the regulations for a new office extension as required under 8 C.F.R. § 214.2(l)(7)(i)(A)(3) and 8 C.F.R.§ 214.2(l)(14)(ii) that overwhelmingly demonstrated that the company was in fact doing

business.

54. Fourth, even after submission of unnecessary requested evidence that provided a high level of detail regarding the foreigner's employment abroad and employment in the United States in an executive and managerial capacity, the USCIS applied a higher standard of proof than that required under the regulations in its adjudication of the new office petition in violation of 8 U.S.C. § 1361 and *Matter of Chawathe*, 25 I&N Dec. 369, 376 (AAO 2010).

55. The U.S. Supreme Court has held that an agency action is arbitrary and capricious when "the agency…offers an explanation for its decision that runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983).

## VIII.   CONCLUSION

56. For the aforementioned reasons, the decision to deny Plaintiff's nonimmigrant visa application was arbitrary, capricious, an abuse of discretion and not in accordance with the law. Judicial review through this Court is therefore warranted pursuant to the APA.

## IX.   PRAYER FOR RELIEF

57. Wherefore, Plaintiff respectfully requests that this Court:

   a.  accept jurisdiction and venue as proper;

   b.  issue a declaratory judgment that the denial of Plaintiff's nonimmigrant visa petition was arbitrary, capricious, an abuse of discretion and not in accordance with the law;

   c.  vacate the decision of the USCIS and approve the Plaintiff's nonimmigrant visa petition;

   d.  grant reasonable attorney's fees, expenses, and costs of court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

   e.  grant Plaintiff all other relief as the Court may deem just and proper.

Respectfully submitted,
GONZALEZ OLIVIERI LLC

*/s/ Mario Gonzalez*
Mario Gonzalez, Esq.
Texas State Bar No. 24050671
SDTX No. 660680
2200 Southwest Freeway, Suite 550
Houston, TX 77098
Phone: (713) 481-3040
Fax:    (713)588-8683
mgonzalez@gonzalezolivierillc.com
*Lead Counsel and Attorney in Charge for Plaintiff*

THE KRAUS LAW FIRM

*/s/ Jason Kraus*
Jason Kraus, Esq.
Texas State Bar No 24058234
SDTX No. 895467
5625 Cypress Creek Parkway, Ste. 308
Houston, Texas 77069
281-781-8677 Telephone
281-840-5611 Facsimile
Email:  jdk@krausattorneys.com
*Co-Counsel for Plaintiff*

15

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| HRE-DN, L.P. | |
| *Plaintiff*, | Case No. _____ |
| v. | |
| Kevin McAleenan, Acting Secretary of the U.S. Department of Homeland Security; Lee F. Cissna, Director of U.S. Citizenship and Immigration Services; Kathy A. Baran, Director of USCIS California Service Center | Date: May 24, 2019 |
| *Defendants*. | |

**CERTIFICATE OF SERVICE**

I, <u>Mario Gonzalez</u>, certify that service of the above COMPLAINT was automatically accomplished through the Notice of Electronic Filing on known Filing Users and by certified mail return receipt on any party or counsel who is not a Filing User on May 24, 2019.

<u>/s/ Mario Gonzalez</u>
Mario Gonzalez, Esq.
*Lead Counsel and Attorney in Charge for Plaintiff*

16