United States District Court
Southern District of Texas
**ENTERED**
April 24, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HRE-DN, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 19-1893 |
| | § | |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

HRE-DN, L.P. challenges the denial by the United States Citizenship and Immigration Services (USCIS) of HRE's I-129 petition for L-1A nonimmigrant classification. The petition was filed on behalf of Dung Van Phi, who HRE wanted to work in this country. Mr. Phi had the title of HRE's president and chief executive officer. HRE argues that in October 2018, it submitted all the necessary evidence to extend the visa issued for Mr. Phi in 2017, after USCIS had accepted the initial L-1A visa petition. HRE argues that even if its initial application contained insufficient evidence to extend the visa, the additional information it provided after USCIS requested more evidence shows that the denial of the petition to extend was arbitrary and capricious, an abuse of discretion, and in violation of the law.

USCIS argues that current agency policy allows it to request additional evidence and that the evidence HRE submitted shows that Mr. Phi's work consisted primarily of operational duties rather than the managerial or executive duties required to qualify for an L-1A visa. Both parties agree that the case can be resolved on their cross-motions for summary judgment. (Docket Entry

No. 15 at 7; Docket Entry No. 18 at 6). For the reasons set out below, USCIS's motion is granted, HRE's motion is denied, and final judgment is entered by separate order.

## I.     Background

HRE-DN is a Texas limited partnership formed in April 2017. (Docket Entry No. 13-1 at 43). Mr. Phi and his spouse own 99 percent of the partnership. A separate entity, HRE-DN, LLC, also owned by Mr. Phi and his spouse, owns the remaining one percent. (*Id.* at 53). HRE is a real-estate development company and affiliate of Nghi Son Environmental Joint Stock Company, a Vietnamese entity. (*Id.* at 38, 45–47). Mr. Phi worked for Nghi Son Environmental before coming to the United States. (*Id.* at 45–47). Mr. Phi and his spouse own 51 percent of Nghi Son Environmental. (Docket Entry No. 13-1 at 47). Mr. Phi is a citizen of Vietnam. (*Id.* at 36, 59).

Shortly after Nghi Son Environmental created HRE in April 2017, HRE filed a Form I-129 petition seeking to allow Mr. Phi to enter the United States on an L-1A visa as HRE's president and CEO.[1] (*Id.* at 43, 53). USCIS approved this visa in October 2017. (*Id.* at 53). The visa was valid for one year. (*Id.*). One year later, HRE filed another Form I-129 petition on behalf of Mr. Phi, seeking to extend his L-1A visa for two more years, "to continue the startup operations of the company." (*Id.* at 39, 44). As part of its extension request, HRE provided USCIS with a copy of its limited partnership agreement,[2] the minutes of its organizational meeting,[3] Nghi Son Environmental's bylaws,[4] and Nghi Son Environmental's shareholder ledger.[5] HRE argued that these documents show that HRE and Nghi Son Environmental are still qualifying organizations

---

[1] This initial Form I-129 is not in the administrative record for this case. (*See* Docket Entry No. 18 at 23).
[2] (Docket Entry No. 13-1 at 63–96).
[3] (*Id.* at 98–100; Docket Entry No. 13-2 at 1–4).
[4] (Docket Entry No. 13-2 at 28–62).
[5] (*Id.* at 99–100; Docket Entry No. 13-3 at 1).

for an L-1A visa. (Docket Entry No. 15 at 17–19). HRE also provided its own business records,[6] employment records,[7] and financial records[8] as part of the petition for an extension. Finally, HRE provided a company support letter describing Mr. Phi's role within the organization. (Docket Entry No. 13-1 at 53–57).

After receiving the Form I-129, USCIS asked HRE for additional evidence of, among other things, Mr. Phi's duties during his employment by Nghi Son Environmental and of his current and future duties for HRE. (Docket Entry No. 13-5 at 41–49). HRE responded to this request by arguing that evidence of Mr. Phi's previous foreign employment was required only for the initial petition for an L-1A visa and not for subsequent petitions seeking extensions. (*Id.* at 58–59). HRE nonetheless submitted additional evidence of Mr. Phi's employment with Nghi Son Environmental from July 2016 to July 2017, and provided a list of Nghi Son employees who Mr. Phi supervised. (Docket Entry No. 13-5 at 64–66, 73–76). HRE also provided a more detailed explanation of Mr. Phi's duties at Nghi Son Environmental. (*Id.* at 68–71). Finally, HRE provided a support letter describing Mr. Phi's duties as HRE's president and CEO. (Docket Entry No. 13-5 at 79–84).

After USCIS received the additional evidence, it denied HRE's application. USCIS explained that HRE had failed to show that Mr. Phi's foreign position was primarily managerial or executive or to show that, if the visa was extended, Mr. Phi would be employed primarily as a manager or executive for HRE. This lawsuit and the cross-motions for summary judgment followed. (Docket Entry Nos. 15, 18).

---

[6] (Docket Entry No. 13-3 at 7–100; Docket Entry 13-4 at 1–80).
[7] (Docket Entry No. 13-4 at 82–100; Docket Entry No. 13-5 at 1–3).
[8] (Docket Entry No. 13-5 at 15–40).

**II.     The Legal Standard**

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Vann v. City of Southhaven*, 884 F.3d 307, 309 (5th Cir. 2018) (per curiam) (quoting *Griggs v. Brewer*, 841 F.3d 308, 311–12 (5th Cir. 2016)). "A genuine dispute of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Savant v. APM Terminals*, 776 F.3d 285, 288 (5th Cir. 2014)). "The moving party 'always bears the initial responsibility of informing the district court of the basis for its motion[.]'" *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Under the Administrative Procedure Act, an agency action cannot be overturned unless the agency's legal conclusions are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with [the] law." 5 U.S.C.§ 706(2)(A). This deferential standard does not allow a court "to substitute [its] judgment for that of the agency." *Sw. Elec. Power Co. v. EPA*, 920 F.3d 999, 1013 (5th Cir. 2019) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)). So long as "the agency's reasons and policy choices conform to minimal standards of rationality, then its actions are reasonable and must be upheld." *Clean Water Action v. EPA*, 936 F.3d 308, 312 (5th Cir. 2019) (quoting *Tex. Oil & Gas Ass'n v. EPA*, 161 F.3d 923, 934 (5th Cir. 1998)).

The challenger of the administrative action is nonetheless entitled to a full review of the administrative record, because the agency's factual findings must be supported by substantial evidence. 5 U.S.C. § 706(2)(E). "Substantial evidence involves 'more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" *Worldcall Interconnect, Inc. v. FCC*, 907 F.3d 810, 818 (5th Cir. 2018) (quoting *Elgin Nursing & Rehab. Ctr. v. U.S. Dep't of Health & Human Servs.*, 718 F.3d 488, 495 (5th Cir. 2013)). "In other words, the [challenger] must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Carbajal-Gonzalez v. Immigration & Naturalization Serv.*, 78 F.3d 194, 197 (5th Cir. 1996).

### III. Denial of a Nonimmigrant Visa Petition

#### A. The Evidence Required to Grant an Extension of an L-1A Visa

HRE argues that USCIS improperly requested additional information because HRE provided all the information required for an extension of a new-office petition in the petition to extend the visa. The Code of Federal Regulations states:

> A visa petition under section 101(a)(15)(L) which involved the opening of a new office may be extended by filing a new Form I-129, accompanied by the following:
>
> (A) Evidence that the United States and foreign entities are still qualifying organizations as defined in paragraph (*l*)(1)(ii)(G) of this section;
>
> (B) Evidence that the United States entity has been doing business as defined in paragraph (*l*)(1)(ii)(H) of this section for the previous year;
>
> (C) A statement of the duties performed by the beneficiary for the previous year and the duties the beneficiary will perform under the extended petition;
>
> (D) A statement describing the staffing of the new operation, including the number of employees and types of positions held accompanied by evidence of wages paid to employees when the beneficiary will be employed in a managerial or executive capacity; and
>
> (E) Evidence of the financial status of the United States operation.

8 C.F.R. § 214.2(*l*)(14)(ii). HRE argues that its initial Form I-129 contained all the evidence required for a new-office extension petition, and that USCIS should have accepted the petition to extend without further evidence. To bolster this claim, HRE cites a 2004 USCIS policy

memorandum stating that "a prior determination by an adjudicator that the alien is eligible for the particular nonimmigrant classification sought should be given deference." U.S. CITIZENSHIP & IMMIGRATION SERVS., HQOPRD 72/11.3, THE SIGNIFICANCE OF A PRIOR CIS APPROVAL OF A NONIMMIGRANT PETITION IN THE CONTEXT OF A SUBSEQUENT DETERMINATION REGARDING ELIGIBILITY FOR EXTENSION OF PETITION VALIDITY (2004). HRE argues that USCIS violated its own agency policy by failing to give HRE's prior approval deference and instead demanding additional evidence not required for new-office visa-extension petitions. (Docket Entry No. 15 at 13–14).

USCIS counters that it rescinded this 2004 policy before HRE filed its extension petition. (Docket Entry No. 18 at 17; *see* Docket Entry No. 18-1 (U.S. CITIZENSHIP & IMMIGRATION SERVS., PM-602-0151, RESCISSION OF GUIDANCE REGARDING DEFERENCE TO PRIOR DETERMINATIONS OF ELIGIBILITY IN THE ADJUDICATION OF PETITIONS FOR EXTENSION OF NONIMMIGRANT STATUS (2017)). This current policy memorandum rescinds the "default policy of deference" in the 2004 memorandum and reiterates "USCIS'[s] authority to request additional evidence." (Docket Entry No. 18-1 at 3). While HRE cites some language from the Adjudicator's Field Manual that still includes a general statement about deference to prior determinations, (Docket Entry No. 19 at 7–8), the Field Manual also states that "[n]othing in the [Manual] shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Introduction to the Adjudicator's Field Manual*, U.S. CITIZENSHIP & IMMIGRATION SERVS. (2020), *available at* https://www.uscis.gov/ilink/docView/AFM/HTML/AFM/0-0-0-1.html. USCIS did not violate its current policy by asking HRE for the additional documents.

Nor do the regulations limit USCIS's ability to request additional information as part of a visa extension review. The burden is on HRE as the petitioner to show by a preponderance of the evidence that Mr. Phi was eligible for an L-1A visa extension. *See* 8 U.S.C. § 1361; *In re Chawathe*, 25 I. & N. Dec. 369, 375–76 (AAO 2010) (noting the preponderance standard). The regulations state that an extension *may* be granted by filing a Form I-129 with the corresponding information, but it says nothing about USCIS's ability to request additional information if it believes that the visa beneficiary's eligibility is not established by the information already provided. *See* 8 C.F.R. § 214.2(*l*)(14)(ii). USCIS timely requested additional evidence, outlining the deficiencies in the petition to extend and the areas where USCIS needed more information. (Docket Entry No. 13-5, at 41–49). This procedure complies with the regulations and USCIS's current internal policies.

**B.  The Denial of HRE's Application Was Not Arbitrary and Capricious**

Even if USCIS acted properly by requesting further evidence, HRE contends that USCIS's denial was arbitrary and capricious because the additional evidence HRE provided proves Mr. Phi was a managerial or executive employee. (Docket Entry No. 15 at 19). HRE provided evidence that Mr. Phi worked as the general director of Nghi Son Environmental for at least 12 months in Vietnam before his transfer to HRE in Houston. (Docket Entry No. 13-5 at 64–68). HRE also provided more detailed descriptions of Mr. Phi's duties at both companies and the amount of time he would spend on certain tasks at HRE if he received a visa extension. (*Id.* at 68–71, 80–84).

After receiving the additional evidence, USCIS denied the visa extension petition because the descriptions provided show that Mr. Phi's duties were and would be operational, as opposed to managerial or executive. (Docket Entry No. 13-1 at 7–8, 11). USCIS's decision to deny HRE's application was not arbitrary and capricious. The record sufficiently supported a finding that HRE

lacked an adequate management structure to support an executive employee, and that Mr. Phi was so involved in the day-to-day operations of the company as to disqualify him from classification as a managerial employee.[9]

To show that a potential beneficiary is an executive employee, the employer must prove that the beneficiary primarily:

(1) Directs the management of the organization or a major component or function of the organization;

(2) Establishes the goals and policies of the organization, component, or function;

(3) Exercises wide latitude in discretionary decision-making; and

(4) Receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization.

8 C.F.R. § 214.2(*l*)(1)(ii)(C). The definition requires a level of staffing that has a subordinate management structure allowing the executive employee to direct other managers and to focus on the broad goals of the organization rather than its day-to-day functions. *See Hakimuddin*, 2009 WL 497141 at *4 ("'[E]xecutive capacity' suggests a higher level of responsibility" than "[m]anagerial capacity."); *W-L-D- LLC*, 2018 WL 3036116 (DHS), at *4 (AAO May 31, 2018). When it filed this visa-extension petition, HRE had only two other employees, and it classified only one of these as a manager. (Docket Entry No. 13-5 at 11). While staffing levels are not the only factor in determining whether an employee is an executive, 8 U.S.C. § 1101(a)(44)(C), a real-estate management organization with only three employees and one manager falls far short of showing

---

[9] Regardless of whether USCIS properly classified Mr. Phi's work for Nghi Son Environmental as operational rather than managerial, so long as his current employment for HRE is operational, his petition may be denied. *See Hakimuddin v. Dep't of Homeland Sec.*, 2009 WL 497141, at *3 (S.D. Tex. Feb. 26, 2009) ("If the [Administrative Appeals Office] denies a petition based on multiple grounds, the plaintiff will succeed on her challenge only if she shows that the INS abused its discretion with respect to all of the enumerated grounds."). Therefore, this court will not analyze whether USCIS's decision to classify Mr. Phi's foreign work as operational was arbitrary and capricious.

that Mr. Phi qualified as an executive employee. That finding is further supported by record evidence of Mr. Phi's extensive day-to-day operational responsibilities at HRE.

Mr. Phi's status as a managerial employee fairs no better. To show that HRE employed Mr. Phi as a manager, it would need to prove that Mr. Phi primarily:

(1) Manages the organization, or a department, subdivision, function, or component of the organization;

(2) Supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization;

(3) Has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization) if another employee or other employees are directly supervised; if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and

(4) Exercises discretion over the day-to-day operations of the activity or function for which the employee has authority. A first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the supervisor's supervisory duties unless the employees supervised are professional.

8 C.F.R. § 214.2(*l*)(1)(ii)(B).

HRE stated that as president and CEO of HRE, Mr. Phi:

Plans, develops, and establishes business objectives and organizational policies. Determines the strategic direction of [HRE], and ensures that the strategy is implemented. Sets budgets, and ensures that the expenditures of HRE are within the authorized annual budget of [HRE]. Oversees the design, marketing, promotion, delivery, and quality of programs and services. Establish[es] goals for each department in [HRE].

(Docket Entry No. 13-1 at 10; Docket Entry No. 13-5 at 81). According to HRE's support letter, these duties would account for 85% of Mr. Phi's time. (Docket Entry No. 13-5 at 81). USCIS found that these "day to day duties necessary [for] providing products or services . . . do not qualify as managerial duties by nature." (Docket Entry No. 13-1 at 11). The record does not contain information about how Mr. Phi manages his employees, or the roles played by his subordinate

9

employees who might have relieved Mr. Phi of day-to-day operational activities, that renders the agency's decision arbitrary and capricious. There is enough evidence to support the conclusion that Mr. Phi's work at HRE would not be primarily managerial.

HRE argues that the evidence it provided shows that Mr. Phi's employment "would be 100% devoted to executive and upper managerial tasks only." (Docket Entry No. 19 at 13). HRE cites an Administrative Appeals Office decision that approved a similar petition for a U.S. subsidiary that had only three employees. *In re Z-A-, Inc.*, Adopted Decision 2016-02 (AAO Apr. 14, 2016); *see also Brazil Quality Stones, Inc. v. Chertoff*, 531 F.3d 1063, 1070 (9th Cir. 2008) ("[A]n organization's small size, standing alone, cannot support a finding that its employee is not acting in a managerial capacity."). But even though the subsidiary in *Z-A-* employed only three individuals, the parent company had over $900 million in sales and had eight employees in its Japanese office to support the day-to-day operations of the U.S. subsidiary. *In re Z-A-*, at 2, 6–7. While HRE's support letter does indicate that Nghi Son Environmental's employees would provide clerical assistance to HRE "as may be deemed necessary," (Docket Entry No. 13-5 at 80), the record contains insufficient evidence that Nghi Son Environmental has adequate structure or staff, overseas or in this country, to show that Mr. Phi would do primarily managerial or executive work. *See Brazil Quality Stones*, 531 F.3d at 1070 ("[The beneficiary's] direct involvement in the corporation's daily operations was necessary for its success and . . . [this] fact precluded [the beneficiary] from qualifying as a managerial employee.").

## IV. Conclusion

USCIS's determination that Mr. Phi would primarily be engaged in operational activities for HRE over the coming year was supported by substantial evidence and was not arbitrary, capricious, or otherwise not in accordance with the law. USCIS followed current agency policy in timely requesting more information regarding Mr. Phi's L-1A visa-extension eligibility. USCIS properly relied on the information HRE provided.

USCIS's cross-motion for summary judgment is granted, and HRE's motion is denied. Final judgment is entered by separate order.

SIGNED on April 23, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge